Our first case of the afternoon, people of the state of Illinois v. Stanley Miller, Mr. Hirshhorn for the appellate, Mr. Williams for the athlete. Good afternoon, my name is Robert Hirshhorn with the Appellate Treasurer's Office and I'm here representing Mr. Miller. Before proceeding further, I want to take a moment and thank the court for allowing me to reschedule the oral argument in this case. And given Justice Kavanaugh's absence, it always seems fair to come back to the court in order to do that. In kind of me, I'd like to return the courtesy. I'd also like to express my appreciation for Mr. Williams, who was most accommodating in the rescheduling of other defendants. Now in this case, Mr. Miller was charged in 2012 with a host of offenses. Top count, armed individual criminal. That charge was based on two prior, a 2007 UW felon and a 2003 domestic battery bodily harm. Now while those charges were pending, Mr. Miller picked up a number of traffic offenses. Though the records from those traffic offenses are not part of the record on appeal, although we do have the case numbers, we know the votes occurred in 2013, so they were after the charges in this case. And because they were after, that's why when a plea agreement was reached, it made everything in sight. That plea agreement was reached in 2014. He pleaded guilty to the armed individual criminal and to driving while licensed, suspended in the three traffic cases. The aggregate sentence was 12 years. Six of those were for the armed individual criminal. All the other charges in the cases were not in. There was no motion to withdraw the guilty plea. There was no direct appeal. Instead, Mr. Miller filed in November of 2015 in the PC that led to this appeal. I'm not going to wade into the specifics of this pro se PC. They're really irrelevant to the issues on appeal. But nonetheless, the trial court appointed a counsel to represent him in 2016. In 2017, counsel filed a supplemental PC raising the void for vagueness argument. And in July of 2017, there was a stage three evidentiary hearing on the whole package. And Mr. Miller was denied relief due to this appeal. Now, as your honors are familiar, we raised two issues on appeal. The first one as to whether or not there really was an armed individual criminal conviction in this case. And the second, the void for vagueness issue. And in addition, your honors ordered some briefing on the notion of whether the fact that this was a guilty plea affected either of the other two issues. I'm going to try and address those issues in that order. Of course, I'm your honor's prosecutor. If you have preferences otherwise, I will follow them. Now, with regard to the initial issue, the armed individual criminal statute, it's basically a three-tiered offense. You have to have two qualifying priors and possession of a weapon. There's no qualms in the briefs or in any of the arguments I'm making to you as to whether the UW felon was a qualifying offense. It's specifically enumerated in the statute. And there was a prior. Again, that's not in dispute. The entire dispute revolves around the notion of whether domestic bodily harm qualifies as an offense on which armed individual criminal can be based. When we look at the statute, the statute in subsections 2 and 3 lists a whole host of offenses. But the catch-all, what we are calling the residual clause, is subsection A1, and just says that if the other offense is a forcible felony as defined under section 2-A, it qualifies. And that leads us, almost inexorably, to People v. White. The first district case came down in December of 2015, and it held that domestic bodily harm is not a forcible felony for purposes of an armed individual criminal prosecution. And because of that, what we're saying is that the state didn't even plead a cogent armed individual criminal charge in this case. Now, the date White was filed is of some significance. As I said, it was December of 2015. So it didn't exist back in 2012 when the charges were filed in this case. It didn't exist in 2014 when the plea negotiation occurred and the guilty plea was entered. So it's really no surprise, then, that neither Mr. Miller nor his trial counsel cited People v. White to the trial court at that time. It also predates the pro se post-eviction petition. So again, there's really no confusion as to why he didn't raise it there. But the same can't be said for appointed counsel. As I said earlier, dates are important. The White decision came down in December 2015. Counsel was appointed on a PC in 2016 and filed the amended supplemental post-eviction petition in April 2017. Well, 651C imposed his obligations on appointed counsel. And we know appointed counsel didn't more than just look at the pro se PC that was filed. He went ahead and he had an entirely new allegation, a new claim, the Boyd v. Baker's claim. Now, under 651C, appointed counsel would be required to do those three things, consult with his client, review the necessary parts of the record, and make any amendments necessary to present the claim. To raise the Boyd v. Baker's claim, at a minimum, counsel had to do two things. He had to look at the charge, because after all, neither of those two predicate felonies were pleaded as forcible felonies. He wouldn't have a Boyd v. Baker's claim if the two priors were enumerated defensive, whether or not the residual clause was made would be irrelevant. He'd also have to look at the statute to know that there's a residual clause there. If you look at the statute, if you do some research on the statute, the white case just pops. It popped up very early in my research in this case. Is post-conviction counsel required to add additional claims? I would say, kind of, strictly speaking, I know the state argued that he's only required to look at the parts of the record based on the Davis case he cited. I'm hesitant to say Davis, because I cited a completely different Davis case in my career. So I'm going to keep that straight. Davis talks about what parts of the record counsel must read in order to be by the security of the state. And I also know that there was a case where the counsel has had to reach beyond what's in post-conviction. Right, that's what I'm asking about. And what I'm suggesting to Your Honor is that reasonable counsel, reasonable counsel doing what 651C requires reasonable counsel to do, who's already going out and raising something that is not in the pro se petition, should have tumbled to this claim. It should have been obvious to them. If you're going to make a void-for-vagueness claim and say domestically, that the statute under applying the United States v. Jackson case is void-for-vagueness, you have to look at these things. And when you look at these things, reasonable counsel should be pleading that claim. He's already made the decision to go beyond the pro se pleading. He didn't make an amendment to the pro se pleading to beef up that claim. He went completely beyond the claim of the pro se pleading and added a second claim. But in the process of doing what Rule 651C would require him to do for that second claim, he should have seen this. So you're saying in this instance, counsel was required to add this additional claim that was basically otherwise forfeited. Well, yes, I would say that, Your Honor. But beyond that, I would say that this is, I would have been remiss had I not raised it before this court. Because as I said, it popped quite quickly. And what that means is that this conviction really is void. They charged an offense that didn't charge an offense. One of the elements is missing. Under fight, domestic bodily harm is not a qualifying predicate for felony. But under my Davis case, it is an element. So we've got an instance here where my client pleaded guilty to something that isn't an offense. And this court, I suggest to you, would be remiss if you didn't look at that. Because it's a pure legal issue. It's not a question of fact. It's a question of law. Did they plead an offense? Can you hold someone in prison on a conviction that legally doesn't exist? That's our position. And I think the court should look at that and look at that fairly closely. Because, again, I want to go back to what the structure of the sentence here was. Six years on the armed individual criminal, two years on each of the three driving law license suspensions. That aggregates to 12 years. The driving law license suspensions are day for day. Without the armed individual criminal, Mr. Miller would be out today. He's being held, in the Illinois Department of Corrections, on an offense that isn't an offense. And that should not be shot upon conscience. Well, didn't the White case leave open the possibility that the state, during the case itself, could have shown that there was the threat of physical force or violence as part of the domestic battery conviction? And if they had done so, the result might have been different. I would suggest, Your Honor, that that gets us straight into the second issue as to whether or not that enforceable felony language is going to prevail. Because... But before we... I understand it gets to the second argument. In White, yes, the court said that because... I think in White, they only produced a certified copy of the conviction. But, I mean, that would suggest that it's not that they didn't... allege an offense. It is that, had it been brought to the court's attention, there may have been the finding that they did not prove the offense. Which means it can't be void. Well, Your Honor, in looking at White, the language the court might employ here is rather... Yes, they talked about there was never a need to prove how the actual offense had been committed because all they did was introduce the certified copy of the conviction. But the court did note, before getting into the notion that it's not inherently an enforceable felony, they did say, an offense does not constitute an enforceable felony merely because the defendant knows that its actions might involve the threat of force. And that's why I say, when you look at that part of the analysis, that it's not necessarily an enforceable felony just because it might involve force, that's feeding us, for purposes of that, directly into the second issue of whether it's worth the case. I don't think White, which never addressed Johnson, even though I think Johnson was decided a couple months before White, I'm sure that White was briefed before Johnson came down. And I don't recall there being any mention of Johnson in White's decision. Well, with the question that Justice Connick asked, does that lead to the question of how the fact that your client pled guilty impacts the analysis in this case? Okay, we'll be beyond the vagueness of the third thing. But let's go there, Your Honor. Again, I think what we're talking about is, in direct analogy, it's got to be a lot of cases where someone pled guilty to a UUW that has since been held unconstitutional under Aguilar, and courts are vacated, and the Supreme Court in AG told us that you can't, if the statute itself is void, if it's unconstitutional, anything based on that statute is void as well. But I guess my question is along these lines. Here, as Justice Connick pointed out, White may have left some room for if specific proof is presented, then maybe that gets you there for the forcible felony. So, in this case, where the defendant entered a plea of guilty, is he waiving? I mean, can he enter a plea of guilty and then now say, well, you didn't prove that I actually committed the offense that you're alleging I committed? I mean, can he plead guilty to it and then say, but I really didn't commit any offense at all? Yes, I think he can. And I would point out, Your Honor, several things. One, in White, the court reached the issue even though it had been proved that the issue wasn't litigated, in that sense, in the trial court. Two, I don't think you can read White as wholly independent from the United States v. Johnson, which it never outlines. I don't think you can say, well, he waived this when he pleaded guilty a year and a half before White was decided, because he did invoke the analysis of White. He had no reason, Mr. Miller individually, to know that White was coming down 17 months later. He pleaded guilty in 2014. White came out in December of 2015. So he would have no knowledge. The trial counsel had no knowledge. We could argue about whether the trial counsel had knowledge. He would have no knowledge of White, but he would have full knowledge of his conduct. But he would not know whether that conduct was something that he was waiving and was forfeiting by reason of guilt. Well, except that if you don't plead guilty, then you force the state to prove the case. Not anymore, John. I know I'm giving you the same answer over and over again. I think that if you accept that premise, then you've still got to get directly into the analysis of Johnson. Is this statute worth defending? Because the statute says it doesn't matter how the offense was committed. Johnson says we've got to look at the way the legislature defined the statute. It imposed a categorical approach where this is going to be adequate to state an offense. It dictated that. It said they don't care how the offense was committed. They don't want to judge how to figure it out. It's an ordinary case when this poses a serious risk and is there a fiscal harm and all the other things that were required under the existing laws in the U.N. Court of Criminal Justice. He said, no, we're going to look at this and say, how does the legislature define the offense? Does the legislature define the offense as a forcible doubt? But what about the differences in our statute, the language in our statute, versus the statute analyzed in Johnson? I don't think there is a difference between them that makes a difference to the analysis. If you look at the residual clause in the court of criminal, it again mentions a host of offenses. Section 1 says an offense that has as an element the use, attempt to use, or threaten use of physical force. Then it lists a number of offenses, burglary, arson, extortion, offense involving the use of explosives. And then comes the residual clause, or otherwise involves conduct that presents a serious potential risk of physical injury to another. When you look at the way you're forcing a felony, if there's any felony which involves the use or threat of physical force or violence against another individual, the words are not exact, but I think the way they are drafted, the language of it, has really strong parallels. It's too indeterminate. You can't look at the way forcible felony is defined there and say that an offense is inherently a forcible felony. You can't look at the definition of aggravated domestic violence and say that. And I think this fed into, frankly, the White Court's analysis when they analyzed whether or not domestic violence can be a forcible felony. And it worked its way into the cases that it relied upon, including Rodney S. from this court, talking about whether, in that case, I think it was aggravated battery, but not one involving rape, obviously. And the court, frankly, acknowledged that there are some ways that an aggravated battery can be committed that does involve force and threat of force. Sometimes the aggravated factor represents a public way or the fact that the victim was pregnant. It engages the victim with things of that nature, but it doesn't necessarily require the use of force to make it a forcible felony. And there's also the other part of the White Court's analysis that when the legislature drafted the statute, it listed some forms of battery and not others. And from that, we infer that there's legislative line-drawing to be done here. For purposes of the aggravated battery, they're saying that the aggravated battery of rape bodily harm is different than an aggravated battery of bodily harm. If they had meant all aggravated batteries can be treated based on their facts as a forcible felony, they just would have said aggravated battery. But they specifically were running two forms, aggravated battery of rape bodily harm and aggravated battery involving severe discipline. I see that documented here. Just briefly, I just wanted to touch on the nature of the guilty plea. I confess that I think I said this in the supplemental briefing. I wasn't sure exactly what your honors were driving at when you were in the supplemental briefing, but I'm intuitive that this was a negotiated plea. If you vacate the arm of the vigilant criminal, it's that we open the door to all charges that were annulled. And the reason I cited Shinaul, or Shinaul, I'm not quite sure of the pronunciation, is that the Supreme Court looked at that and said, no, those are not time-barred. The statute limitation had been called. And the same thing is going to affect the case here. It puts me in that odd position where I'm the one saying, this may be the first result, but this is the way the law was written. Normally, I'm the one saying, when you add that 25 years on, it's just our coin, and then your honors usually say, well, we don't get to write the laws. The same is true here. I would also point out, though, that it was the state that drafted the charge plea. The state drafted a package of charges. If there was another theory that would have allowed them to charge armed vigilant criminal, frankly, I think they would have done it. They separated out every form of ammunition, every one into separate counts of EUW. They didn't plead a second theory of armed vigilant criminal, and I frankly, based on this record, I don't see how they could. Just to summarize your honor, under Issue 1, we're asking that you hold that the armed vigilant criminal conviction should be vacated because it didn't charge an offense, and that there's really no reason to remand it for a new hearing here because it's a pure question of law. Did it charge him or not? Can we put this guy on that charge or not? In the second issue, I just point out that you won't release that issue if you reject the first issue, but I want to emphasize that we're not asking the courts to put a retired statute on the constitutional. We're not talking about Second Amendment issues with the statute. We're just talking about the residual clause. Are there any further questions? Thank you very much. Thank you, counsel. Thank you. We have a report, counsel, from the industry attorney Williams and a potential representative of the state for this honorable report. With respect to arguing law, the defendant argues that his armed vigilant criminal conviction must be vacated because one of his two prior convictions, that being his 2003 domestic felony, domestic battery, is not a qualifying forceful felony. However, he admits that he waived this argument because he did not include it in the post-conviction petition, and our Supreme Court has repeatedly stressed that the Illinois health courts are not free to forgive this sort of conviction, excuse me, this sort of waiver that's caused by the failure to include the issue in the post-conviction petition. What about opposing counsel's argument that, hey, he found this other issue to add? If he found that, this should have popped up and should have been included. Well, to that end, so he's arguing that post-conviction counsel rendered unreasonable assistance of counsel. So, first of all, I don't believe he cited, and I've never seen a case where that unreasonable assistance of appellate counsel raised for the first time in an appeal from the PC allows the repealed court to get to that issue. I don't think he cited the case at that point. But in any event, to your point earlier, Your Honor, it's well established that post-conviction counsel has no duty to include issues that were not raised in the post-conviction petition. And here, the post-conviction petition was a benefit of the bargain issue related to the classic issue of Your Honor, CY85 versus 50%. That's the issue that was raised here. Admittedly, post-conviction counsel included this constitutional challenge to his credit. But does it mean that suddenly he needs to be diving into the specifics of a 2003 offense to see if it qualifies? It wasn't addressed today, but he also makes a curious argument that this court should reach the issue because it's essentially, he basically invokes the Enoch exception for sufficiency of the evidence arguments in a direct appeal that are preserved, but of course this is in a direct appeal. And then finally, he also argued that this was an actual innocence claim. But actual innocence, as Your Honors know, is a claim that a person is free of any criminal involvement, total exoneration of wrongdoing. And here, the defendant possessed a gun, which he doesn't deny. So even if this aren't official criminal, because one of the friars wasn't qualifying, he's still guilty of molest or included offense of felony possession. This is not a case of actual innocence. Now, with respect to the merits of his argument, again, he's arguing that the 2003 domestic battery can't serve as a credit felony because it's not inherently a forcible felony. Well, even if it's not inherently a forcible felony, it can nevertheless qualify because of some of the facts. As the First District explained in People v. Sanderson's item 3, a prior offense can qualify as a forcible felony in two ways. And these are basically what we could call the evidence-based approach and a fact-based approach. Under the elements-based approach, a crime is inherently forcible. It has an element of force. Under the fact-based approach, as the Supreme Court explained in Bell, a crime can qualify under the particular facts of the case. That's literally, quote, from Bell. Now, at this point, counsel is misreading Bell. He ends his, I guess it would be the sixth brief, the supplemental reply brief with a discussion of Bell, if I recall correctly. He claims that the court there found that the possession of a stolen vehicle that's then qualified as a forcible felony, and I'm quoting here, because it did not, by its nature, contemplate violence. He's trying to argue that this is an elements-based approach. However, that is absolutely not what Bell said. The focus in Bell was not the nature or the elements of defense. Again, the court says, under the particular facts of the case, the focus in that case was the defendant and whether he had a violent intent. So the crime at issue there was he stole a vehicle, and then, as the defendant points out, went on a high-speed chase and an accident happened and people were killed. Well, that's violent. But it doesn't mean he contemplated that violence in committing that offense. And so the Supreme Court found that that didn't qualify. But it nevertheless outlines that a felony can, non-enumerated felony, can qualify as a forcible felony where, under the facts of the case, force was specifically contemplated. So again, the focus in Bell was the defendant and whether he had a violent intent. Again, put another way, that's focusing on the facts of the case. That's the same thing that the court did in White, which the defendant predicates most of his argument on. He points out that the court found that the domestic battery was not inherently a forcible felony. That's true. The court did find that. That wasn't the problem. The problem was is that because it wasn't a forcible felony, excuse me, because it wasn't inherently a forcible felony, the state was required to prove under the facts of the case, of the prior case, that there was a force element, which the state failed to do in this bench trial. So the problem with White was not that it's not inherently forcible, but that because it wasn't, the state had to prove that it fell within the residual clause based on the facts of that case. So White actually proves the very point we're trying to make here, which is there are two ways in which a prior conviction can qualify as a forcible felony, based either on the elements, in which case it's inherently a forcible felony, or based on the facts. And here, the defendant pled guilty, agreeing that the prior offense was a qualifying forcible felony. That obviated the state's need to prove those particular facts in this case and essentially prevented the state from doing it. And the state should not now be penalized for not doing what the defendant agreed it did not need to do. So ultimately, Belk, in the fact-based approach mentioned therein, as well as in Anderson and, frankly, White, that approach remains good law, and it disposes of both of his arguments. He has stopped from collaterally challenging that which he admitted, and it also resolves the constitutional challenge, because Illinois law, unlike the federal statute at issue in Johnson, or as we were just discussing, provides for a fact-based approach. And what's up? Your Honor sent me a question with respect to the argument. Will I have to move on to the constitutional challenge? You may. Okay, thank you. So here, he argues that the residual clause in the Illinois Archivistial Criminal Statute is unconstitutionally vague. As Your Honor has discussed, this argument is principally built on Peoples v. Johnson, where the Supreme Court found a similar, but importantly different, residual clause of the Armed Career Criminal Act, I think is what it was called, unconstitutionally vague. As I noticed, there are important differences in the statute, first of all. And this is critically important, and I did mention this in my briefing, but I feel like I should have made a better point of that. And what that is, is that in Johnson, the Supreme Court was working within a body of law wherein, back in, I believe the year was 1990, in a case called Taylor, which is cited in the briefing, the Supreme Court had already decided, based on the federal definition of violent felonies, that, as you mentioned earlier, it called for an elements-based, it literally said, used the word element in the definition. It has an element, of course. So the Supreme Court is working in a world where they are limited, based on their prior precedent, to an elements-based approach. Now, they also did that for a couple of other reasons beyond the fact that it was specifically stated in the definition, such as the impracticality of having essentially what would be a trial within a trial. So keep in mind, in the Johnson case, the court interpreted the residual clause in light of case law, where the facts of the prior case were irrelevant because the Supreme Court had already decided that, under the federal definition, they're doing a purely elements-based approach. On the other hand, the element of the Supreme Court in the belt used the fact-based approach as an alternative to an elements-based approach. So if we're evaluating whether or not a prior felony qualifies as a forcible felony when it's not enumerated, obviously if it has an element of it that pursues the elements-based approach, it would qualify. But the element of the Supreme Court explicitly allowed this alternative approach in looking at the facts of the underlying crime. So in that, again, that was permissible under the Illinois definition of a forcible felony based on that definition. And that's the other important difference here is these relevant definitions. So Illinois defines forcible felony as a felony that involves a use or threat of force. On the other hand, the statute at issue in Johnson defined violent felony as a crime that presents a serious potential risk of physical injury. So on its face, the Illinois definition is much more concrete. Again, Illinois definition, it involved the use or threat of force. Federal definition presents a serious potential risk of physical injury. So that's a, for lack of a better word, that's a pretty wishy-washy, if you will, definition. That's not the case with the Illinois definition. The Illinois definition is significantly more concrete. So as the Johnson court explained, that federal definition called for what they described as, I'll read it here, they say it called for a judicial assessment of risk to a judicially imagined ordinary case of the crime. So in essence, what they were doing under this, as I understand it, under this judicial statute is they would look at an offense that wasn't enumerated and didn't have an element. And there was this very odd, like, three to five years of time where federal judges were placing this position of essentially having to imagine how this crime in an ideal case would have been committed. So say they're looking at forgery. Well, forgery, you know, even though your forgery involved violence because you pulled the gun on someone who made the forged document for you, forgery doesn't usually qualify. So it was this very unusual thing where they were having to imagine how a case usually is committed because they couldn't look to the facts of the case. The Illinois definition does not require this sort of judicial abstraction, nor does it include this imprecise qualitative standard like serious potential risk. Rather, it permits consideration of real world facts, which is something that the Supreme Court in Johnson explicitly endorsed. They literally said that they do not doubt the constitutionality of standards that call for consideration of real world facts. So just because the federal definition of violent felony didn't permit for a fact-based approach, that doesn't mean that a fact-based approach is unconstitutional as a general matter, which is ultimately the premise of defendants' entire briefing, it seems. So ultimately, nothing in the Illinois residual clause requires or permits this sort of judicial abstraction that rendered the federal statute unconstitutionally vague. Counsel, I just want to make sure I'm understanding your argument. So your position is that Johnson basically, well, opposing counsel seems to suggest that Johnson stands for the proposition that only the categorical approach can be used. Would you agree with that, that that's opposing counsel's position? That is his position. Right, based on Johnson. That's also true in the federal system based on federal statute. Right, that's the next part of my question, well, my statement. But your position is that Johnson used a categorical approach based on the statute they were analyzing, but that based on the Illinois statute, we don't have to use the categorical approach because of the difference in the language. That is correct, Your Honor. So if we were to determine that we are required to use the categorical approach, would that be a losing proposition for you? If we don't have to use, or if we have to use a categorical approach, then I think in that sense, it would probably have to be because the predicate offense doesn't, I guess, notwithstanding the effect of the guilty plea, which might change the analysis, but just very strictly speaking, if we were charging this for the first time right now, the felony domestic battery does not include as an element the very specific force element that would be required here. But, of course, it could be committed in a way that, it could have been committed in a way that would have satisfied that element, and had the defendant not pleaded guilty here, the state would have been tasked with, and could have proven that it was in fact committed in a way that satisfied that element. But by pleading guilty, he obviated the state's need to do so. But would the state even have that opportunity if we're simply using the categorical approach? Does that even come into the analysis about, well, we could have proven that there was violence involved? Well, I'm so, okay, I slightly misunderstood your argument, or excuse me, your question a moment ago. I think under that, it's strictly categorical. I guess I'm just stuck in this world where I'm reading Melvin Sanderson and all sorts of Eloise Hayes law where we're not limited to the categorical approach. I understand. It's hard to step into this hypothetical world, I apologize. But, yes, if we, if for whatever reason the Eloise statute was defined in such a way that limited our analysis to a strictly categorical approach where it necessarily had to have the requisite element, then yes, I think that he would probably win. Again, that's also notwithstanding the fact that this is being raised for the first time. There's a lot. I know it's hard for you to concede. But, yes, I don't mean to talk around the question. I really don't. I think that under what you're saying, in that very precise scenario where we don't have these other elements involved, where this is not an appeal from a PC where this was, we were talking about a benefit of the bargain plan, that's a different world. And in that world, yes, I think that, I mean, there is really a lot of merit to what the defendant argues here. It just doesn't, there's some foundational pieces that just aren't there. And the whole argument really collapses. I think you've answered the question. Okay, sorry. Anyway, do you already have any other questions? Thank you very much. Anybody? Your Honor, it's already been told to me this time, so I'll try and be very instructive. Counselor spoke about Belk, and how in Belk they found that it wasn't a forceful. People die in Belk. It doesn't get more violent than that. But they didn't find it was a forceful felony. It's not the factual inquiry that he's talking about. When Your Honor was talking earlier about the guilty plea, and did you weigh this and things like that, I would point out to Your Honor, this is another thought I've heard from you, and I'm sincere, when a judge takes a guilty plea, he asks for a factual basis. The factual basis has to include the evidence. Domestic battery is the claimed element, and it's not the facts. And they couldn't know that in 2014 because the light hadn't come down yet. And I think that sequencing is significant here. Moving on to Issue 2, Counselor talks about a marked court of criminal statute that talks about it used the word element. It used the word element in Clause 1. The residual clause is found in Clause 2. After four enumerated offenses. That doesn't mean that when they were drafted the residual clause in the marked court of criminal statute, they were referencing Clause 1. They were just talking about burglary, arson, extortion, use of explosives. That was what the residual clause referred to. And the court held, categorically, under the Federal Due Process Clause, you have to look at the way the statute is defined. It's a requirement of the Federal Due Process Clause, which, oddly enough, is applicable here in Illinois. And even if all the cases before this felt, in the other cases, absolutely decided, didn't analyze that and said, you know, we're going to look at the facts in that case, I don't think it survives. The same analysis, is it categorically a forcible felony? It has to be applied. It's demanded by Johnson. And that guides the entire analysis here. Unless there are any further questions, I thank you for your time. In fairness, I have to ask you, I have to flip it and ask you the question, if we determine that Johnson does not apply and that Illinois is not required to use the categorical approach, do you lose? I don't, well, first, I don't think you can jettison a U.S. Supreme Court interpretation of the Due Process Clause when it says this is what the U.S. Constitution requires for, to survive an abatement scourge. I don't think it's as simple as saying, can we just ignore that? I don't think we can. Assume we do. If you do, I would still argue that you should apply it here for the same reasons that the Supreme Court did, that the Illinois Constitutional Due Process Clause and the abatement scourge should be applied in the same way. I'm almost arguing the last step, at this point in time, due process, but I still think you come out in the same place. I think we have to find if there's a problem with that residual clause. Thank you, counsel. Thank you. This matter is adjourned.